IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION


PAMELA BOWMAN,

       Plaintiff,

v.                                      CASE NO. 5:15cv257-RH/GRJ

WASHINGTON COUNTY
KENNEL CLUB, INC., d/b/a
EBRO GREYHOUND PARK,

       Defendant.

_____/


## ORDER DENYING THE MOTION TO COMPEL

      This is an employment-discrimination case. The plaintiff Pamela Bowman complained in 2013 that her hours had been discriminatorily reduced. The defendant Washington County Kennel Club, Inc. ("the Club") hired an employment attorney, Laura Beth Faragasso, to investigate the claim and provide a report to the Club. Ms. Faragasso interviewed witnesses, reviewed records, and reported her findings to the Club in a letter dated March 5, 2014.

      Ms. Bowman asserts in this action that she suffered discrimination not only when her hours were reduced in 2013 but later, when she was denied a promotion and terminated. Ms. Bowman served a request for production of documents broad

enough to include Ms. Faragasso's March 5 letter and related communications between Ms. Faragasso and the Club.  The Club objected based on the attorney-client privilege.  Ms. Bowman has moved to compel.

Under *Faragher v. City of Boca Raton*, 524 U.S. 775, 807 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 765 (1998), an employer may assert an affirmative defense to an employment claim not based on a tangible employment action.  The defense "comprises two necessary elements: (a) that the employer exercised reasonable care to prevent and correct promptly any [discriminatory] behavior, and (b) that the plaintiff employee unreasonably failed to take advantage of any preventive or corrective opportunities provided by the employer or to avoid harm otherwise."  *Id.*

In its answer to the complaint in this action, the Club apparently invokes *Faragher* and *Ellerth* as the ninth defense.

Ms. Bowman says Ms. Faragasso's March 5 letter and related communications are relevant to the ninth defense and that a party who asserts such a defense waives the attorney-client privilege for communications like these.  In response, the Club has explicitly abandoned the ninth defense.  The defense apparently would fail anyway, because Ms. Bowman asserts discrimination only in tangible employment actions—actions to which the *Faragher* and *Ellerth* defense does not apply.

Case No.   5:15cv257-RH/GRJ

Ms. Faragasso's letter fits squarely within the attorney-client privilege. The letter sets out the attorney's opinion responding to the client's request for advice on a legal matter, and the letter almost certainly includes factual information provided by the client. The advice was provided in confidence and has not been disclosed to others.

In addition, these circumstances illustrate the utility of the attorney-client privilege when functioning as intended. One of the most important tools for bringing about corporate compliance with governing laws is free communication between a corporate decision maker and an attorney who will speak truth to power. The privilege exists to promote free communication of that kind. This record includes only allegations; nothing has been proved. But one assertion is that after this investigation, Ms. Bowman's hours were restored. It is at least possible that Ms. Faragasso's report caused the restoration of hours that had been discriminatorily reduced. If that is what happened, it is also possible that without an effective attorney-client privilege, the Club would not have consulted Ms. Faragasso, and the discriminatory reduction of hours would not have ended. Bringing about compliance with governing laws is one goal of the attorney-client privilege.

This order denies the motion to compel.

Under Federal Rule of Civil Procedure 37(a)(5)(B), if a discovery motion is denied, the court "must" order the moving party or attorney or both to pay the opposing party's expenses, including attorney's fees, unless the motion was "substantially justified" or "other circumstances make an award of expenses unjust." Unless these conditions are met, an award of expenses is "mandatory." *Devaney v. Cont'l Am. Ins. Co.*, 989 F.2d 1154, 1162 (11th Cir. 1993) (citing *Merritt v. Int'l Bhd. of Boilermakers*, 649 F.2d 1013, 1019 (5th Cir. Unit A June 1981)). A position is "substantially justified" if it results from a "genuine dispute, or if reasonable people could differ as to the appropriateness of the contested action." *Pierce v. Underwood*, 487 U.S. 552, 565 (1988) (citations, quotation marks, and brackets omitted); *Devaney*, 989 F.2d at 1163.

Here Ms. Bowman's position was substantially justified, especially in light of the ninth defense. This order does not award attorney's fees.

For these reasons,

IT IS ORDERED:

The motion to compel, ECF No. 16, is denied.

SO ORDERED on February 17, 2016.

s/Robert L. Hinkle<br>United States District Judge